UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY,<br>450 Plymouth Road,<br>Plymouth Meeting, PA 19462,<br><br>    Plaintiff,<br><br>v.<br><br>PISCATAQUA BROKERAGE, INC.,<br>583 Old Portsmouth Ave.,<br>Greenland, NH 03840,<br><br>SEAN DESROSIERS,<br>140 Mountain Road,<br>Deerfield, NH 03037-1545,<br><br>HEPLER TRANSPORT,<br>997 Victory Church Road,<br>Franklin, PA 16323,<br><br>GMH TRANS, LLC,<br>P.O. Box 437,<br>Ascutney, VT 05030,<br><br>LESTER FELLOWS CO.,<br>P.O. Box 586,<br>Burlington, NJ 08865,<br><br>H & S ENTERPRISES, INC.,<br>199 Strykers Road,<br>Phillipsburg, NJ 08865,<br><br>JK HACKL TRANSPORTATION,<br>2833 LaRue Fields Lane,<br>Sun Prairie, WI 53590,<br><br>BOULET FREIGHT MANAGEMENT, INC.,<br>P.O. Box 357,<br>Fairfield, ME 04937, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.<br>)<br>)<br>)<br>) **COMPLAINT IN INTERPLEADER**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

| | |
|---|---|
| WOODARD EUBANKS & SONS, LLP,<br>15 Maxwell Lane,<br>Ruleville, MS 38771, | )<br>)<br>)<br>) |
| DDT, INC.,<br>200 Pierce Rd.,<br>Jacksboro, TN 37757, | )<br>)<br>)<br>) |
| METEOR EXPRESS INC.,<br>P.O. Box 248,<br>Scottsboro, AL 35768, | )<br>)<br>)<br>) |
| S.H. TRUCKING & LOGISTICS INC.,<br>4130 Wausau Road,<br>Fort Myers, FL 33916, | )<br>)<br>)<br>) |
| MUSIC CITY LOGISTICS EXPRESS,<br>1717 JP Hennessy Dr.,<br>LaVergne, TN 37086, | )<br>)<br>)<br>) |
| WILDWOOD LOGISTICS,<br>903 S. Morrissey Drive,<br>Bloomington, IL 61701, | )<br>)<br>)<br>) |
| ROANE TRANSPORTATION,<br>P.O. Box 665,<br>Rockwood, TN 37854, | )<br>)<br>)<br>) |
| TAYLOR TRUCK LINE INC.,<br>31485 Northfield Blvd.,<br>Northfield, MN 55057, | )<br>)<br>)<br>) |
| PAUL MILLER TRUCKING, INC.,<br>2238 Stoverstown Road,<br>Spring Grove, PA 17362, | )<br>)<br>)<br>) |
|     Defendants. | )<br>) |

## I. INTRODUCTION

1. Plaintiff, Liberty Mutual Insurance Company (LMIC) issued a Property Broker's Surety Bond No. 94A019222 (Bond), pursuant to 49 U.S.C. § 13906, on behalf of defendant, Piscataqua Brokerage, Inc. (Piscataqua), as principal.

2. LMIC has received multiple adverse claims against the Bond, which claims in the aggregate exceed the penal sum of the Bond, and, accordingly, LMIC seeks relief in statutory interpleader pursuant to 28 U.S.C. §1335.

3. In partial consideration for the issuance of the Bond, Piscataqua and Sean Desrosiers (Desrosiers) agreed to indemnify and hold harmless LMIC from any damages, losses, costs, and expenses, including attorneys fees, resulting from the issuance of the Bond.

4. As a sole and proximate result of issuing the Bond, LMIC has suffered damages, losses, costs and expenses, including attorneys fees, and LMIC seeks recovery of such damages, losses, costs and expenses from Piscataqua and Desrosiers.

## II. JURISDICTION AND VENUE

5. Jurisdiction obtains under 28 U.S.C. §1335 and §1352 as more than two of the adverse claimants in this action, both designated as defendants, are of diverse citizenship, the penal sum of the bond is equal to or more than $500.00, and such bond was issued pursuant to the Interstate Commerce Act, a federal statute.

6. Venue is appropriate as the Bond was issued pursuant to the regulations of the United States Federal Highway Administration, which agency is located in Washington, D.C.

### III. PARTIES

7. Plaintiff in interpleader, LMIC, is a Pennsylvania corporation with a principal place of business located at 450 Plymouth Road, Plymouth Meeting, Pennsylvania 19462.

8. Defendant, Piscataqua is, upon information and belief, a New Hampshire corporation with a principal place of business located at 583 Old Portsmouth Avenue, Greenland, New Hampshire 03840.

9. Defendant, Sean Desrosiers, is an individual with, upon information and belief, a principal residence located at 140 Mountain Road, Deerfield, New Hampshire 03037-1545.

10. Defendant, Hepler Transport, with a last-known address of 997 Victory Church Road, Franklin, Pennsylvania 16323, asserts a claim for unpaid freight bills totaling $2,684.00.

11. Defendant, GMH Trans, LLC, with a last-known address of P.O. Box 437, Ascutney, Vermont 05030, asserts a claim for unpaid freight bills totaling $1,080.00.

12. Defendant, Lester Fellows Co., with a last-known address of P.O. Box 586, Burlington, New Jersey 08016, asserts a claim for unpaid freight bills totaling $20,773.63.

13. Defendant, H & S Enterprises, Inc., with a last-known address of 199 Strykers Road, Phillipsburg, New Jersey 08865, asserts a claim for unpaid freight bills totaling $16,142.27.

14. Defendant, JK Hackl Transportation, with a last-known address of 2833 LaRue Fields Lane, Sun Prairie, Wisconsin 53590, asserts a claim for unpaid freight bills totaling $2,200.00.

15. Defendant, Boulet Freight Management, Inc., with a last-known address of P.O. Box 357, Fairfield, Maine 04937, asserts a claim for unpaid freight bills totaling $700.00.

16.     Defendant, Woodard Eubanks & Sons, LLP, with a last-known address of 15 Maxwell Lane, Ruleville, Mississippi 38771, asserts a claim for unpaid freight bills totaling $1,500.00.

17.     Defendant, DDT, Inc., with a last-known address of 200 Pierce Rd., Jacksboro, Tennessee 37757, asserts a claim for unpaid freight bills totaling $1,500.00.

18.     Defendant, Meteor Express Inc., with a last-known address of P.O. Box 248, Scottsboro, Alabama 35768, asserts a claim for unpaid freight bills totaling $4,050.00.

19.     Defendant, S.H. Trucking & Logistics, Inc, with a last-known address of 4130 Wausau Road, Fort Myers, Florida 33916, asserts a claim for unpaid freight bills totaling $1,500.00.

20.     Defendant, Music City Logistics Express, with a last-known address of 1717 JP Hennessy Dr., LaVergne, Tennessee 37086, asserts a claim for unpaid freight bills totaling $1,500.00.

21.     Defendant, Wildwood Logistics, with a last-known address of 903 S. Morrissey Drive, Bloomington, Illinois 61701, asserts a claim for unpaid freight bills totaling $850.00.

22.     Defendant, Roane Transportation, with a last-known address of P.O. Box 665, Rockwood, Tennessee 37854, asserts a claim for unpaid freight bills totaling $500.00.

23.     Defendant, Taylor Truck Line Inc., with a last-known address of 31485 Northfield Blvd., Northfield, Minnesota 55057, asserts a claim for unpaid freight bills totaling $1,100.00.

24.     Defendant, Paul Miller Trucking, Inc., with a last-known address of 2238 Stoverstown Road, Spring Grove, Pennsylvania 17362, asserts a claim for unpaid freight bills totaling $700.00.

## IV. STATEMENT OF FACTS

25. LMIC issued the Bond on behalf of Piscataqua on or about December 31, 2005, and it continued in effect until it was cancelled by LMIC on May 29, 2008. A true copy of the written Bond and cancellation notice is attached as Exhibit A.

26. As required by Section 211c of the Interstate Commerce Act, the Bond was issued on behalf of Piscataqua for the benefit of any and all motor carriers or shippers to whom Piscataqua may be legally liable for the damages described in the Bond.

27. In partial consideration for the issuance of the Bond, Piscataqua and Desrosiers agreed to indemnify and hold harmless LMIC from all losses, costs and expenses incurred, including the attorneys' fees incurred in this action, as a result of issuing the Bond for Piscataqua. A true copy of the written Surety Application and Indemnity Agreement (Indemnity Agreement) is attached as Exhibit B.

## V. COUNT ONE

### (Interpleader)

28. LMIC repeats each of the allegations of Paragraphs 1 through 27 inclusive of the Complaint in Interpleader.

29. Each of the claimant defendants has asserted a claim with LMIC against the Bond.

30. Each of those claims allegedly involved damages to motor carriers or shippers caused by Piscataqua while acting as a licensed broker of transportation within the period covered by the Bond.

31. These claims are adverse and conflicting and exceed the penal sum of the Bond.

32. LMIC is unable to determine the respective interests of the claimant defendants in the proceeds of the Bond and has no adequate remedy at law.

33. LMIC does not vouch for the validity of any of the claims asserted by the claimant defendants against the Bond and LMIC calls upon each of the claimant defendants to make proof of same before this Court.

34. Concurrent with the filing of this Complaint for Interpleader, LMIC has moved this Court for an Order allowing LMIC to deposit into the Court Registry the sum of Ten Thousand Dollars ($10,000.00), representing the entire penal sum of the Bond.

## VI. COUNT II

### (Indemnity)

35. LMIC repeats each of the allegations of Paragraphs 1 through 34 inclusive of the Complaint in Interpleader.

36. In partial consideration for the issuance of the Bond by LMIC, Piscataqua and Desrosiers agreed to indemnify and hold harmless LMIC from all claims, damages, losses, costs and expenses, incurred by LMIC as a result of issuance of the Bond, including the fees, costs and expenses of this action.

37. LMIC has incurred damages, losses, costs and expenses in connection with the Bond issued on behalf of Piscataqua.

38. Piscataqua and Desrosiers have breached their obligations to LMIC by failing to indemnify and hold harmless LMIC.

39. As a result of this breach, LMIC has been immediately and directly damaged in an amount to be determined, and is entitled to recover that amount, together with interest, costs, and attorneys' fees.

## VII. COUNT III

### (Common Law Indemnity)

40. LMIC repeats each of the allegations of Paragraphs 1 through 39 inclusive of the Complaint in Interpleader.

41. LMIC has acted as surety on behalf of Piscataqua in connection with the Bond, has expended funds in its capacity as surety, and has incurred losses, costs and expenses, including attorneys fees, as a result of issuing the Bond on behalf of Piscataqua.

42. As a result, LMIC is entitled to reimbursement from Piscataqua for the losses, costs, and expenses incurred by LMIC in connection with the Bond.

43. Accordingly, LMIC is entitled to judgment based upon its common law rights to reimbursement as a surety for Piscataqua.

## VIII. REQUESTS FOR RELIEF

**WHEREFORE,** plaintiff, LMIC prays as follows:

1. As to Count I, that this Court issue process to all of the claimant defendants in the Complaint for Interpleader, citing them to appear and to plead their conflicting claims;

2. That this Court, in accordance with 28 U.S.C. § 2361 and in the exercise of this Court's general equitable powers, enter an Order restraining the claimant defendants and each of them and their respective officers, directs, employees, agents, servants, representatives, assigns,

attorneys, and any other person acting or purporting to act for them with actual notice of the Court's Order from instituting or prosecuting any proceeding in any state court or United States District Court in any action affecting the Bond or the proceeds until further order of this Court;

3. That, upon hearing, the claimant defendants be required to interplead and settle between them;

4. That, upon motion to the Court, LMIC be discharged of all further liability;

5. That LMIC be awarded its reasonable attorneys' fees and court costs after adequate proof;

6. That LMIC's attorneys' fees and administrative costs be paid out of the proceeds of the Bond, such payment to be made prior to any award being made to any of the prevailing claimant Defendants;

7. As to Count II, that this Court enter judgment in favor of LMIC and against Piscataqua and Desrosiers in an amount to be determined, but not less than LMIC's damages, losses, costs and expenses, including its attorneys' fees, less any credits due and less any amounts recovered by LMIC from the Bond proceeds;

8. As to Count III, that this Court enter judgment in favor of LMIC and against Piscataqua in an amount to be determined, but not less than LMIC's damages, losses, costs and expenses, including its attorneys' fees, less any credits due and less any amounts awarded to LMIC from the Bond proceeds;

9.  That LMIC be granted such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Liberty Mutual Insurance Company,
By its attorneys:

*Valerie Elizabeth Powell*
Eric R. Stanco
(D.C. Bar No. 456896)
Valerie Elizabeth Powell
(D.C. Bar No. 474117)
Stanco & Associates
126 C Street, N.W.
Washington, D.C. 20001
(202) 331-8822
(202) 331-9705 (facsimile)

# Exhibit A

According to the Paperwork Reduction Act of 1995, the persons are required to respond to a collection of information unless it displays a valid OMB control number. It is estimated that an average of 10 minutes per response is required to complete this collection of information. This estimate includes time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Comments concerning the accuracy of this burden estimate or suggestions for reducing this burden should be directed to the Federal Highway Administration, 400 7th St., SW, Washington, DC 20590.

B.M.C. 84
(10/98)

Approved by OMB
2125-0570
Expires: 11/30/2001

Duplicate Original

FILER FHWA ACCOUNT NO. Bond Number 94A019222

License No. MC 314136

## PROPERTY BROKER'S SURETY BOND UNDER 49 U.S.C. 13906

KNOW ALL MEN BY THESE PRESENTS, That we **Piscataqua Brokerage Inc**
(Name of Property Broker)

of **583 Old Portsmouth Avenue     Greenland     NH     03840**
   (Street)                        (City)       (State) (Zip code)

as PRINCIPAL (hereinafter called Principal), and **Liberty Mutual Insurance Company**
(Name of Surety)

a corporation, or a Risk Retention Group established under the Liability Risk Retention Act of 1986, Pub. L. 99-563, created and existing under the laws of the State of **Commonwealth of Massachusettes** (hereinafter called Surety) are held and
(State or District of Columbia)
firmly bound unto the United States of America in the sum of $10,000, for which payment, well and truly to be made, we bind ourselves and our heirs, executors, administrators, successors, and assigns, jointly and severally, firmly by these presents.

   WHEREAS, the Principal is or intends to become a Broker pursuant to the provisions of Title 49 U.S.C. 13904, and the rules and regulations of the Federal Highway Administration relating to insurance or other security for the protection of motor carriers and shippers, and has elected to file with the Federal Highway Administration such a bond as will ensure financial responsibility and the supplying of transportation subject to the ICC Termination Act of 1995 in accordance with contracts, agreements, or arrangements therefore, and

   WHEREAS, this bond is written to assure compliance by the Principal as a licensed Property Broker of Transportation by motor vehicle with 49 U.S.C. 13906(b), and the rules and regulations of the Federal Highway Administration, relating to insurance or other security for the protection of motor carriers and shippers, and shall inure to the benefit of any and all motor carriers or shippers to whom the Principal may be legally liable for any of the damages herein described.

   NOW, THEREFORE, the condition of this obligation is such that if the Principal shall pay or cause to be paid to motor carriers or shippers by motor vehicle any sum or sums for which the Principal may be held legally liable by reason of the Principal's failure faithfully to perform, fulfill, and carry out all contracts, agreements, and arrangements made by the Principal while this bond is in effect for the supplying of transportation subject to the ICC Termination Act of 1995 under license issued to the Principal by the Federal Highway Administration, then this obligation shall be void, otherwise to remain in full force and effect.

   The liability of the Surety shall not be discharged by any payment or succession of payments hereunder, unless and until such payment or payments shall amount in the aggregate to the penalty of the bond, but in no event shall the Surety's obligation hereunder exceed the amount of said penalty. The Surety agrees to furnish written notice to the Federal Highway Administration forthwith of all suits filed, judgements rendered, and payments made by said Surety under this bond.

   This bond is effective the **31st** day of, **December '05** 12:01 a.m., standard time at the address of the Principal as stated herein and shall continue in force until terminated as here in after provided. The Principal or the Surety may at any time cancel this bond by written notice to the Federal Highway Administration at its office in Washington, DC, such cancellation to become effective thirty (30) days after actual receipt of said notice by the FHWA on the prescribed Form BMC-36, Notice of Cancellation Motor Carrier and Broker Surety Bond. The Surety shall not be liable hereunder for the payment of any damages hereinbefore described which arise as the result of any contracts, agreements, undertakings, or arrangements made by the Principal for the supplying of transportation after the termination of this bond as herein provided, but such termination shall not affect the liability of the Surety hereunder for the payment of any such damages arising as the result of contracts, agreements, or arrangements made by the Principal for the supplying of transportation prior to the date such termination becomes effective.

   The receipt of this filing by the FHWA certifies that a Broker Surety Bond has been issued by the company identified above, and that such company is qualified to make this filing under Section 387.315 of Title 49 of the Code of Federal Regulations.

UNIFORM INFORMATION   SERVICES, INC. MC NOW   (10-98)

Falsification of this document can result in criminal penalties prescribed under 18 U.S.C. 1001.

IN WITNESS WHEREOF, the said Principal and Surety have executed this instrument on the __29th__ day of __March__, __2006__.

PRINCIPAL

Name __Piscataqua Brokerage, Inc__

By _____
    (Signature and Title)

Witness _____

SURETY

Name __Liberty Mutual Insurance Co__ (SEAL)

By _/s/ Karen M Cross_____
    (Signature and Title)

Witness _/s/ [illegible] Macdonald_

Active/Pending Insurance                                                                                    Page 1 of 1

    Menu  

## Active/Pending Insurance

| US DOT: | N/A | | Docket Number: | MC314136 |
|---|---|---|---|---|
| Legal Name: | PISCATAQUA BROKERAGE, INC. | | | |

| Form | Type | Insurance Carrier | Policy/Surety | Posted Date | Coverage From | Coverage To | Effective Date | Cancellation Date |
|---|---|---|---|---|---|---|---|---|
| 84 | SURETY | LIBERTY MUTUAL INSURANCE CO. | 94A019222 | 04/06/2006 | $0 | $10,000* | 12/31/2005 | 05/29/2008 |

\* If a carrier is in compliance, the amount of coverage will always be shown as the required Federal minimum ($5,000 per vehicle, $10,000 per occurrence for cargo insurance and $10,000 for bond/trust fund). The carrier may actually have higher levels of coverage.

| Carrier Details | Rejected Insurance | Insurance History | Authority History | Pending Application | Revocation |

Tuesday , April 29, 2008 at 10:11:01

    . FMCSA Home | DOT Home | Privacy Policy/Disclaimer | Accessibility | Related Sites | Help

United States Department of Transportation - Federal Motor Carrier Safety Administration

http://li-public.fmcsa.dot.gov/LIVIEW/pkg_carrquery.prc_activeinsurance?pv_apcant_id=224866&pv_le...    4/29/2008

# Exhibit B


**Liberty Mutual**

**SURETY APPLICATION AND INDEMNITY AGREEMENT**

☐ Liberty Mutual Insurance Company
☐ _____

Applicant's Full Name (if partnership, give names of partners, trade name)
Piscataqua Brokerage Inc.                               S.S. #           ☐ Individual  ☐ Partnership

Business Address, in full    ☒ Corporation  ☐ LLC  ☐ Other
583 Portsmouth Ave Greenland, NH 03840           Tax ID or S.S. #  02-0489771

Residence Address _____

Have you or any partners been bankrupt or insolvent?  ☐ Yes  ☐ No    If yes, explain _____

Occupation  Truck Transportation                       Years in Business  21

Any lawsuits, judgments, or liens against applicant?  ☐ Yes  ☒ No   If yes, explain

Type of Bond Required  Broker                         Bond Amount  10,000

Obligee's Full Name, Address  FHWA 400 7th St. SW Washington DC 20590

Has application for this bond been declined by another Surety?  ☐ Yes  ☒ No  If yes, explain

Prior Surety?  ☒ Yes  ☐ No    If yes, give name and reason for change  Peerless

**License/Permit Bond(s)**
Net Worth _____
General liability insurance carried?  ☐ Yes  ☐ No  Limits and company _____
Property damage insurance carried?   ☐ Yes  ☐ No  Limits and company _____

**Probate Bond**
Legal name of deceased/ward _____
Date of appointment _____  Court and docket number _____  Date of Death _____
Will any business of the estate be continued by fiduciary?  ☐ Yes (Attach a copy of court order)  ☐ No
Is applicant indebted to the estate or trust?  ☐ Yes  ☐ No
Assets of estate or trust (describe) _____
Name and age of _____  ☐ Minor  ☐ Incompetent
Applicant relationship to  ☐ Deceased  ☐ Ward(s) _____  Applicant's Net Worth _____
Are guardianship funds to be used for support of minor(s)?  ☐ Yes  ☐ No
(If yes, provide copy of court order authorizing monthly expenditures)
Name and address of attorney _____
Is this bond required on the demand of an interested person?  ☐ Yes  ☐ No  If yes, whom? _____
Will the attorney remain involved throughout the duration of the estate?  ☐ Yes  ☐ No
List the heirs of the estate along with their relationship and percentage (%) share:

**Lost Securities Bond (Attach transfer agent's replacement procedures)**
Type of security and registration number? _____  Date of instrument _____
Payable to applicant only?  ☐ Yes  ☐ No  If no, to whom is it payable? _____
Are securities endorsed?  ☐ Yes  ☐ No  If yes, how? _____
Has notice of loss been given?  ☐ Yes  ☐ No  When? To whom? _____
Describe manner of loss _____
If registered, in whose name? _____
If a check, has payment been stopped?  ☐ Yes  ☐ No  If yes, when? _____
If deed of trust or note, has either been involved in a lawsuit?  ☐ Yes  ☐ No  Was a judgment obtained?  ☐ Yes  ☐ No

Agency Name: _____                                    Code: _____
Agency Address: _____
Agent's Recommendation: _____

LMS-7450                            1/2                         Rev. 12/05

**Court Bond and Receiver/Trustee Bond**

Explain purpose of bond (submit copy of relevant documents) _____
Name and address of attorney _____
If an injunction or restraining order bond, does applicant anticipate foreclosure or collection action against him? ☐ Yes ☐ No
Name and address of bankrupt (debtor) _____
Nature of debtor's business _____
Court and docket number _____

**Indemnity Agreement**

The undersigned (hereinafter called "Indemnitor") represents that all statements made in this Application are true and made without reservation to induce Liberty Mutual Insurance Company and any other company that is part of or added to the Liberty Mutual Group, severally not jointly, and/or for which surety business is underwritten by Liberty Mutual Surety (hereinafter called "Surety") to execute the requested Bond and any continuation or successor Bond (hereinafter called "Bond") upon its indemnity, and hereby agrees with Surety, its successors and assigns, as follows: (1) to pay premiums when due; (2) to deliver to Surety satisfactory evidence of the release of all liability under Bond; (3) to exonerate and indemnify Surety from and against all claims, losses, liability, damages of any type (including punitive), costs, fees, expenses, suits, orders, judgments, or adjudications whatsoever which Surety may incur in connection with Bond, any investigation on account of Bond, the defense or prosecution of any proceeding brought in connection with Bond or with any judicial proceeding referred to in this Application, enforcement of the agreements contained herein, and/or procurement of release from or cancellation of Bond; (4) that Surety shall have the right, at its sole discretion, to pay, adjust, settle or compromise any claim, suit or judgment upon Bond or in connection with any judicial proceeding referred to in this Application, and the voucher or other evidence of such payment, settlement or compromise, whether Surety was liable therefore or not, shall be prima facie evidence of the fact and extent of Indemnitor's liability; (5) to place Surety in funds immediately upon demand, the amount Surety deems necessary to protect itself from any liability, loss or expense, whether or not Surety has made payment or posted a reserve, Surety having the right to use all or part of these funds in payment or settlement of any liability, loss or expense for which Indemnitor is obligated hereunder, or in reimbursement to Surety for payment of same; (6) that Indemnitor hereby authorizes Surety to investigate statements made in this Application and to check credit with creditors and/or lending institutions, and further authorizes any present or former employer, or any other person, firm or corporation, to furnish information concerning Indemnitor in connection with the Surety's underwriting of Bond and Indemnitor's compliance with Bond and with obligations hereunder, and Indemnitor hereby releases any of the aforementioned from liability in consequence of furnishing or disclosing such information; (7) that separate suits may be brought to recover hereunder as causes of action shall accrue and the bringing of suit or recovery of judgment upon any cause of action shall not prejudice or bar the bringing of other suits upon other causes of action, whether heretofore or thereafter arising; (8) that it is expressly agreed by Indemnitor that any and all other rights which Surety may have or acquire against Indemnitor under other or additional agreements of indemnity or collateral shall be in addition to, and not in lieu of, the rights afforded Surety under this Agreement; (9) that if Surety executes Bond with cosurety or reinsurers all or any part of Bond, all the terms of this Agreement shall apply and operate for the benefit of such cosurety and reinsurer, as their interests may appear; (10) that these covenants shall be jointly and severally binding upon Indemnitor, its respective heirs, executors, administrators, successor and assigns; (11) that Surety shall have the right to decline to issue or to cancel Bond at any time, free of claim for loss or damage by Indemnitor, and Surety shall be under no obligation to disclose its reasons therefore, the provisions of any law to the contrary being hereby waived; (12) that if Bond covers the replacement of lost securities, if said securities come under Indemnitor's control or possession, Indemnitor will, at its own cost, promptly deliver said securities to Surety; (13) that if Bond relates to assets of any estate, Indemnitor will provide full and free access to all records concerning the estate, and upon Surety's request, provide a written report of the condition of the estate.

Signed and dated this _____ day of _____, 20____

Individual/Sole Proprietorship:     Name: _____
                                    By: _____
Witness _____                 , Individual and Proprietor

Partnership:                        Name: _____
                                    By: _____
Witness _____                 , Individual and as Partner
                                    By: _____
Witness _____                 , Individual and as Partner

Corporation:                        Name: _Scolopus Butcered_
                                    By: _____
Attest: _____ , Secretary     Treas____ President

Witness' signatures:                Individual and Supporting Indemnitor(s) sign here:

_Paul Denosus_ SS# 007-68-297       _Sean Denosus_ SS# 007-6F-207
                SS# _____                SS# _____
                SS# _____                SS# _____
                SS# _____                SS# _____

LMS-7450                2/2                Rev. 12/05

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
LIBERTY MUTUAL INSURANCE COMPANY
450 Plymouth Road, Plymouth Meeting, PA 19462

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Montgomery County
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Eric R. Stanco
Valerie Elizabeth Powell
Stanco & Associates
126 C Street, N.W.
Washington, D.C. 20001   (202) 331-8822

## DEFENDANTS
PISQATAQUA BROKERAGE, INC.,
583 Old Portsmouth Ave., Greenland, NH 03840 et al.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ● 2 | ● 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

● **E. General Civil (Other)**   OR   ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. Habeas Corpus/ 2255 | ○ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ● M. Contract | ○ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
● 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. Secs. 1335 and 1352 statutory interpleader and diversity; Plaintiff seeks indemnification for payment of adverse bond claims

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 10,000.00   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 7/3/2008   SIGNATURE OF ATTORNEY OF RECORD  *Valerie Elizabeth Powell*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.